UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROTHA CHHAY,

    Plaintiff,

v.

CASE NO.: 3:15-cv-696-J-34MCR

FAR EAST MARKET LLC a/k/a FAR
EAST ASIAN MARKET; a Florida
limited liability company; DARA
NHEAN, Individually; and SOPHORN
KES, Individually,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROTHA CHHAY ("Plaintiff"), files this Complaint against Defendants, FAR EAST MARKET LLC a/k/a FAR EAST ASIAN MARKET ("FAR EAST"), a Florida limited liability company, DARA NHEAN ("NHEAN"), Individually, and SOPHORN KES ("KES"), Individually, (collectively "Defendants"), and states as follows:

### JURISDICTION

1.   Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.   The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

1

## PARTIES

3. At all times material to this action, Plaintiff was, and continues to be, a resident of Flagler County, Florida.

4. At all times material to this action, FAR EAST was, and continues to be, a Florida limited liability company. Further, at all times material to this action, FAR EAST was, and continues to be, engaged in business in Florida, with a principal place of business in Flagler County, Florida.

5. Upon information and belief, at all times material to this action, Defendant, NHEAN, was and continues to be a resident of Flagler County, Florida.

6. At all times material to this action, Defendant NHEAN was the Manager of FAR EAST and regularly held and/or exercised the authority to hire and fire employees of FAR EAST.

7. At all times material to this action, Defendant NHEAN regularly held and/or exercised the authority to determine the work schedules for the employees of FAR EAST.

8. At all times material to this action, Defendant NHEAN regularly held and/or exercised the authority to control the finances and operations of FAR EAST.

9. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of FAR EAST; (b) determine the work schedules for the employees of FAR EAST; and (c) control the finances and operations of FAR EAST, Defendant, NHEAN, is an employer as defined by 29 U.S.C. §201 *et. seq.*

10. Upon information and belief, at all times material to this action, Defendant KES, was and continues to be a resident of Flagler County, Florida.

11. At all times material to this action, Defendant KES regularly held and/or

exercised the authority to hire and fire employees of FAR EAST.

12. At all times material to this action, Defendant, KES regularly held and/or exercised the authority to determine the work schedules for the employees of FAR EAST.

13. At all times material to this action, Defendant, KES regularly held and/or exercised the authority to control the finances and operations of FAR EAST.

14. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of FAR EAST; (b) determine the work schedules for the employees of FAR EAST; and (c) control the finances and operations of FAR EAST, Defendant, KES, is an employer as defined by 29 U.S.C. §201 *et. seq.*

15. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

17. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

18. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

19. At all times material to this action, Defendant FAR EAST was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20. The annual gross revenue of Defendant FAR EAST was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times material to this action, Defendants had two (2) or more employees

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as meat products from Georgia, telephones, cleaning supplies, and cash registers.

22.  At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he regularly personally ordered products for the store from distributors out-of-state for sale in the Defendants' store in Florida. In doing so he:

> A.  Communicated weekly with distributors and suppliers of food products out-of-state;
>
> B.  Operated instrumentalities to conduct communication related to out-of-state commerce;
>
> C.  Arranged to have goods transported from out-of-state in commerce;
>
> D.  Used channels of commerce;
>
> E.  Communicated across state lines; and/or
>
> F.  Performed work essential to any of the preceding activities.

23.  At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

24.  In approximately September 2011, Defendants hired Plaintiff to work as a non-exempt, produce manager for Defendants' Asian food market.

25.  Even if Defendants claim that Mr. Chhay was paid a salary, the parties understood that any salary during the limitations period applicable here covered forty (40) hours worked at a rate of $8.25 per hour.

26.  At no point in his employment did Chhay's weekly gross pay exceed $330 per

4

week.

27. Plaintiff's job duties included, but were not limited to, supervision of store employees, balancing and closing out all cash drawers daily, operating registers, cleaning the store, ordering supplies interstate and intrastate by use of telephone, and driving to another of Defendants' store locations to perform deliveries.

28. At various times from approximately September 2011 through March 2015, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

29. From approximately September 2011 through March 2015, Defendants paid Plaintiff only for up to forty (40) hours in the weeks worked during this time period, but failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for any and all hours worked in excess of forty (40) hours in one or more workweeks. Specifically, Plaintiff was not paid for any hours over forty (40) even though he regularly worked 66 hours per week.

30. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate of pay for all hours that Plaintiff worked in excess of forty (40) hours in one or more workweeks, as required by the FLSA.

31. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

32. Defendants have violated Title 29 U.S.C. §207 from at least approximately September 2011 through at least March 2015, in that:

    A. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

    B. No payments or provisions for payment have been made by Defendants to

properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

C. Defendants have failed to maintain proper time records as mandated by the FLSA.

33. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

34. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

35. Plaintiff re-alleges paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

36. From approximately September 2011 through March of 2015, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

37. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

38. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

39. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours in one or more workweeks when they knew, or should have known, such was,

6

and is, due.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours in one or more workweeks, plus liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 9th day of June, 2015.

Respectfully Submitted,

_____
Angeli Murthy, Esquire
FBN: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*