# EXHIBIT "A"

Case 3:15-cv-00696-MMH-MCR   Document 16-1   Filed 11/23/15   Page 1 of 6 PageID 52

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Settlement Agreement") is made and entered as of the 10th day of November, 2015, by and between FAR EAST MARKET, LLC, a Florida Limited Liability Company ("FAR EAST MARKET"), Sophorn Kes ("KES"), Dara Nhean ("NHEAN"), and Rotha Chhay, individually (CHHAY"). FAR EAST MARKET, KES, NHEAN and CHHAY are collectively referred to hereinafter as the "Parties."

## RECITALS

WHEREAS, CHHAY filed a lawsuit in the case styled as: *Chhay v. Far East Market, Kes, and Nhean*, Case No. 3:15-cv-696-J-34MCR in the U.S. District Court for the Middle District of Florida, Jacksonville Division ("Litigation") in which CHHAY alleged violations of the Fair Labor Standards Act ("FLSA"). FAR EAST MARKET, KES, and NHEAN are referred to collectively as the "Defendants";

WHEREAS, Plaintiff worked for FAR EAST MARKET for some amount of time during period between 2012 and up to and through March 2015; and

WHEREAS, the Parties desire to settle, resolve, and compromise fully all disputes between them, including which raised by CHHAY in the Litigation; and

WHEREAS, the Parties have decided to resolve all claims for unpaid overtime or minimum wage violations under the FLSA through the execution of this Agreement (hereinafter, "the Settlement Agreement"). This Settlement Agreement is not intended to release any other claims.

WHEREAS, the Parties have negotiated in good faith and resolved their disputes. The intent of this Agreement is to settle and compromise all prior and existing disputes, claims, and controversies raised in the Litigation, existing prior to the date on which CHHAY executes this Settlement Agreement. CHHAY believes that this Settlement Agreement is in his best interest.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. Concurrently with the execution of this Settlement Agreement, the Parties shall cause their respective counsel of record to file a Motion for Approval of the Settlement Agreement and a Joint Motion for Dismissal With Prejudice, in the form attached hereto as Exhibits A and B. If for any reason the Court declines to approve the Motion for Approval and the Joint Motion in the form attached, the Parties agree to cooperate in preparing and filing any further or different document(s) that the Court might require to effect the dismissal with prejudice of the Litigation and/or Court approval of the settlement of the Litigation consistent with the terms stated herein. No sooner than the Court's approval of this Settlement Agreement and the dismissal with prejudice of this Litigation, Defendants agree to provide to Plaintiff's counsel and counsel for the Plaintiff may distribute the following to Plaintiff:

{36569260;2}

_RC_  
CHHAY

D.N G.K  
FAR EAST MARKET

D. N  
NHEAN

S.K  
KES

(i) one check payable to "Rotha Chhay" in the amount of Five Thousand Dollars ($5,000) reflecting unpaid wages, *less* applicable deductions and withholdings, for which a W-2 will be issued;

(ii) one check payable to "Rotha Chhay" in the amount of Five Thousand Dollars ($5,000) reflecting liquidated damages and for which a Tax Form 1099 will be issued, designating the amount as "other income"; and

(iii) one check payable to "Morgan & Morgan" (Tax. ID No. ' 0684), in the amount of Four Thousand Dollars ($4,000) representing attorney's fees and costs related to the Litigation which will be reported to the Internal Revenue Service on a Form 1099.

Subsections (i) – (iii) comprise "the Settlement Sum." CHHAY agrees and stipulates that payment of the Settlement Sum is in full and final release and settlement of any claims he has and/or has alleged in the Litigation, including any claim for attorney's fees and costs. CHHAY understands and agrees that the payment of the Settlement Sum is the only amount he will receive under or in connection with this Settlement Agreement. **CHHAY specifically is aware of, and agrees to, the amount of attorneys' fees to be received by his attorneys in connection with representing his interests in this matter.**

The payment of Settlement Sum will be sent to counsel for CHHAY, Angeli Murthy, at 600 N. Pine Island Rd., Suite 400, Plantation FL, 33324, such that it is **received no later than ten (10) days after** CHHAY returns a signed copy of this agreement to counsel for FAR EAST MARKET, Deborah Catalano, at deborah.catalano@akerman.com, and shall be held in trust by CHHAY's counsel until such time as the Parties file a Joint Motion for Approval of Settlement Agreement and the Court has entered an Order dismissing this Litigation with prejudice. If, for any reason, the Court does not issue an Order dismissing the Litigation with prejudice, this Settlement Agreement can be considered null and void at the option of any of the Defendants within seven (7) days of a Court order disposing of this case in any manner other than by dismissal with prejudice, and the litigation will continue as though no settlement had been reached in this matter. The Parties acknowledge and agree that this Settlement Agreement will not be valid unless and until the Court issues an Order dismissing the Litigation with prejudice. In the event that this Agreement is deemed null and void by Defendant, the Parties agree that neither Party may use this Agreement as evidence, as an admission, or in any other manner in the Litigation, specifically including at deposition.

CHHAY understands that neither his counsel, nor defense counsel provided him with any tax guidance or advice regarding the taxability of any of the components of the Settlement Sum.

2. Nothing contained in this Settlement Agreement constitutes an admission of liability by any of the Defendants concerning any allegations raised in the Litigation. The Defendants specifically deny any violation of the FLSA.

3. In exchange for the above and other valuable consideration, CHHAY, on behalf of himself and his successors, heirs, assigns, attorneys, agents and representatives hereby unconditionally and forever waives, releases, acquits and discharges the Defendants from any liabilities for the claims alleged in the Litigation.

{36569260;2}

| CHHAY | FAR EAST MARKET | NHEAN | KES |

4.  CHHAY acknowledges, agrees, and understands that this release is a full and final bar to any and all claims that CHHAY brought against the Defendants in the Litigation under the Fair Labor Standards Act. Additionally, CHHAY agrees that the consideration in Paragraph 1 (the Settlement Sum) fully and completely compensates him for releasing the claims herein by virtue of his execution of this Settlement Agreement. The Parties acknowledge that the release provision contained in this paragraph shall not apply to claims that were not asserted in the Litigation.

5.  This Settlement Agreement may be executed in counterparts and has the same force and effect as if all the signatures were obtained in one document. A signed copy of this Agreement, sent by facsimile or email, shall have the same force and effect as an original signed document.

6.  CHHAY acknowledges and agrees that he has read this Settlement Agreement, is aware of its contents, and freely and voluntarily agrees to all of its terms and conditions.

7.  The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Settlement Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. This Settlement Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Settlement Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

8.  If any provision of this Settlement Agreement, other than paragraphs 1 and 3, is/are held invalid or unenforceable, such provision shall be deemed deleted from this Agreement and such invalidity or unenforceability shall not affect any other provision of this Settlement Agreement, the balance of which will remain in and have its intended full force and effect; provided, however that if such invalid or unenforceable provision may be modified so as to be valid and enforceable as a matter of law, such provision shall be deemed to have been modified so as to be valid and enforceable to the maximum extent permitted by law.

9.  The Parties represent that have resolved all *other* claims CHHAY has or may have against all or any of the Defendants (all other claims not released in connection with the settlement of the Litigation) through a separate confidential settlement agreement. This Settlement Agreement expresses the entire agreement between CHHAY and the Defendants as to the causes of action released herein. This Agreement can be modified only in writing signed by the Parties.

10. CHHAY acknowledges that he has been given a reasonable period of time within which to decide whether to sign this Agreement. CHHAY further acknowledges that he consulted with his attorney regarding the terms of this Agreement before he signed the Agreement. CHHAY also acknowledges that he has had the opportunity to negotiate regarding the terms of this Settlement Agreement.

11. CHHAY further agrees that he will not institute or authorize any other party, governmental or otherwise, to institute any administrative or legal proceeding seeking compensation or damages on his behalf against any of the Defendants for claims alleged in the Litigation.

{36569260;2}

_RC_
CHHAY

_D.N  SK_
FAR EAST
MARKET

_D N_
NHEAN

_SK_
KES

12. CHHAY further represents that other than the Litigation he has not instituted any claim for damages, affirmative relief, or attorneys' fees prior to the date of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict CHHAY from making any disclosure required by law or providing information or testifying or assisting in an investigation brought by any governmental agency, provided that he is contacted by such an agency.

13. CHHAY represents that in connection with this settlement he has reported all hours worked and has received pay for all time worked which was the subject of his claims in the Litigation.

14. CHHAY represents and warrants that CHHAY has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claims released herein. CHHAY agrees to indemnify and hold the Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees, at all levels), causes of action or judgments based on or arising out of any such assignment or transfer.

15. CHHAY agrees and acknowledges that he bears the sole responsibility for paying any and all federal, state or local income taxes including, but not limited to, Social Security and Medicare taxes (hereinafter referred to as "FICA" and "FUTA") on any sums paid to him or on his behalf under this Settlement Agreement, other than the employer's share of applicable payroll taxes on amounts designated as wages under this Agreement. Accordingly, CHHAY understands and agrees that should the Internal Revenue Service ("IRS") or any other state or local taxing authority or other federal, state or local agency assert, argue or determine that any money received or paid pursuant to this Settlement Agreement is taxable income, or benefits of any kind, CHHAY will be solely responsible for the payment of any and all taxes, contributions or withholdings that he may owe on such sums, including, but not limited to, any related attorneys' fees, interest, costs, penalties, or other charges related to the collection of such taxes. CHHAY will indemnify and/or reimburse the Defendants for any and all taxes, contributions, and withholdings that are owed (or claimed to be owed) on any portion of the Settlement Sum, other than the employer's share of applicable payroll taxes on amounts designated as wages under this Agreement, in the event that any Defendant has to pay any taxes, contributions, and withholdings on the Settlement Sum, within 10 days of written notice by any of the Defendants of a request for indemnification. CHHAY will also indemnify the Defendants from any and all costs, interest, penalties, and attorney's fees paid or owed by any of the Defendants as a result of any claim made by any federal, state or local agency for such unpaid taxes, penalties, costs, interest, fees, or contributions that allegedly are owing as a result of the amounts paid to CHHAY under this Settlement Agreement, other than the employer's share of applicable payroll taxes on amounts designated as wages under this Agreement. The Parties agree that they have not sought nor have they received any tax advice from their lawyers/legal counsel in connection with this Settlement Agreement.

16. This Settlement Agreement amicably resolves all claims by CHHAY against the Defendants in connection with the Litigation and the Parties agree that this Agreement shall neither be interpreted nor construed as an admission of any wrongdoing or liability on the part of any of the Defendants.

17. This Settlement Agreement shall be governed by the laws of the State of Florida. The Parties agree that the venue for any legal proceeding arising from or related to this Settlement Agreement shall lie exclusively in state and federal courts located in Jacksonville, Florida. No less than ten (10) days

{36569260;2}

| _/s/_ | _D.N S/K_ | _D.N_ | _S/K_ |
|---|---|---|---|
| CHHAY | FAR EAST MARKET | NHEAN | KES |

before filing an action for an alleged breach of this Settlement Agreement, the complaining party shall give written notice to legal counsel for the other party, by facsimile or email.

      18.    No waiver of any breach of a term of this Settlement Agreement shall be construed or deemed to be a waiver of the alleged breach, unless agreed to in writing by the party alleged to have been harmed.

      19.    Except as specifically stated above, each of the Parties shall bear its own costs and attorneys' fees incurred in relation to the negotiation, preparation, and execution of this Agreement. In the event that any of Parties to this Agreement brings any litigation involving or arising out of this Agreement (and/or any exhibit hereto), then the prevailing party in any such litigation shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such litigation, including appellate fees and costs..

      20.    The foregoing terms shall inure to the benefit of the Defendants and shall be binding on CHHAY's heirs, executors, administrators, legal representatives, successors and assigns.

      21.    CHHAY represents and warrants that he has read this Settlement Agreement in its entirety, has been offered a period of seven (7) days to review the Settlement Agreement, has been advised in writing herein to consult with counsel, has consulted with his attorney, fully understands all of its terms, and voluntarily assents to all terms and conditions herein. This Settlement Agreement shall be effective as of the date the Parties sign it.

      22.    Each individual signing this Agreement on behalf of any person or entity expressly represents and warrants that he or she has the right, legal capacity, and full authority and has been duly authorized to execute this Agreement, and that the entity for which he/she/it is executing this Agreement is duly organized and validly existing.

IN WITNESS WHEREOF, CHHAY, FAR EAST MARKET, KES, and NHEAN have executed this Settlement Agreement.

_____  
ROTHA CHHAY, Individually

FAR EAST MARKET, LLC, a Florida limited liability company  
By: _Nhean_  
Name: _NHEAN Dara_  
Title: _Owner_

_____  
DARA NHEAN, Individually

_____  
SOPHORN KES, Individually

{36569260;2}

CHHAY                FAR EAST MARKET     NHEAN     KES