UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROTHA CHHAY,

Plaintiff,

v. CASE NO. 3:15-cv-696-J-34MCR

FAR EAST MARKET LLC a/k/a FAR EAST ASIAN MARKET, a Florida limited liability company; DARA NHEAN, individually; and SOPHORN KES, individually,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement Agreement (the "Motion"). (Doc. 16). The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the undersigned recommends that the Motion be **GRANTED**, the Settlement Agreement be **APPROVED**, and the case be

[1] "Within 14 days after being served with a copy of [a report and recommendation] a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**DISMISSED with prejudice**.

## I. Background

On June 10, 2015, Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking to recover, *inter alia*, overtime compensation, liquidated damages, attorney's fees, and costs for Defendants' alleged failure to compensate them at the statutory rate of one and one-half times his regular rate of pay for any overtime hours worked. (Doc. 1.) Following negotiations, Defendants, without admitting any liability, and Plaintiff, without withdrawing any of his allegations, reached a settlement agreement to resolve this action. (Doc. 16 at 1.) The parties also agreed to resolve separately other claims Plaintiff did not assert in this action but, rather, addressed in a demand letter to Defendants. (*Id*.) The parties ultimately reduced their arrangement to two separate settlement agreements. The first settlement agreement resolves only the FLSA claims brought by Plaintiff in this lawsuit and is attached to the Motion. The second settlement agreement resolves all other claims that Plaintiff has or may have against Defendants (including the claims mentioned in the demand letter) and has remained confidential. (*Id*. at 1-2.)

On November 23, 2015, the parties filed the present Motion (Doc. 16), which was referred to the undersigned for a report and recommendation as to whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

## II. Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers

under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

## III. Analysis

Pursuant to the parties' settlement, Plaintiff will receive $5,000.00 for

unpaid overtime wages and $5,000.00 for liquidated damages, and Plaintiff's counsel will receive $4,000.00 for attorney's fees and costs.[2] (Doc. 16 at 2; 16-1 at 2.) The parties represent that the settlement is a fair and reasonable compromise of Plaintiff's claims for the following reasons:

> This compromise takes into account Plaintiff's awareness of witnesses who would offer inconsistent testimony regarding his hours, and his concern that a jury might find that [he] worked significantly fewer hours than he claimed, and over significantly fewer weeks. While well-aware of the potential recovery were a jury to credit his claims, Plaintiff prefers this certain result to the uncertainties he would face in continued litigation and before a jury.

(*Id.* at 6-7.) Further, "Plaintiff's alleged back pay in a two-year limitations period, due to a gap in employment, only encompassed eleven months, and so his potential damages absent a finding that Defendants willfully violated the FLSA were $15,331.14." (*Id*. at 6.)

The undersigned has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Lynn's Food*, 679 F.2d at 1355. Plaintiff's recovery appears reasonable given the disputed issues in this case. Moreover, Plaintiff is represented by counsel. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of

---

[2] Plaintiff claims that he was owed $22,299.84 in overtime wages plus $44,599.68 in liquidated damages. (Doc. 16 at 6.)

statutory rights brought about by an employer's overreaching."[3] *Lynn's Food Stores*, 679 F.2d at 1354.

Moreover, there is no reason to believe that the amount of agreed-upon attorney's fees and costs affected Plaintiff's recovery. The parties represent that the fees and costs were negotiated separately from and without regard to Plaintiff's recovery. (Doc. 16 at 7.) Therefore, there is no reason to scrutinize the fees and costs. *See Bonetti*, 715 F. Supp. 2d at 1228. However, there is nothing unreasonable from the face of the materials submitted before the Court.[4] Therefore, the undersigned recommends that no conflict of interest taints the amount to be recovered by Plaintiff. The undersigned also recommends that counsel is being adequately compensated.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 16**) be **GRANTED**.

2. The Settlement Agreement be **APPROVED**.

3. The case be **DISMISSED WITH PREJUDICE**.

---

[3] The parties have entered into a separate, second settlement agreement that resolves Plaintiff's remaining non-FLSA claims. Court approval is unnecessary with respect to the second settlement agreement. *See, e.g., Bernard v. Globe Wireless, LLC*, Case No.: 6:10-cv-515-Orl-28GJK, 2011 WL 653643 at *1, n.1 (M.D. Fla. Jan. 27, 2011).

[4] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case is distinguishable from a case in which such analysis is necessary. This case provides no precedent for such a case since an in-depth analysis could produce a different result.

**DONE AND ENTERED** at Jacksonville, Florida, on December 2, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record