**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROTHA CHHAY,

                 Plaintiff,

-vs-                                  Case No. 3:15-cv-696-J-34MCR

FAR EAST MARKET LLC, a/k/a Far East
Asian Market, a Florida limited liability
company; DARA NHEAN, individually; and
SOPHORN KES, individually,

                 Defendant.

_____

**O R D E R**

    **THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report

and Recommendation (Dkt. No. 17; Report), entered on December 2, 2015, recommending

that the Joint Motion for Approval of Settlement Agreement (Dkt. No. 16; Motion) be granted,

that the Settlement Agreement be approved, and that this case be dismissed with prejudice.

See Report at 6.  On December 3, 2015, the parties filed a notice advising the Court that

they do not have any opposition to the Report.  See Joint Notice of Non-Opposition to Report

and Recommendation (Dkt. No. 18; Notice).

    The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific

objections to findings of facts are filed, the district court is not required to conduct a de novo

review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see

also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

The Court has conducted an independent examination of the record in this case and a de novo review of the legal conclusions.  Plaintiff filed suit against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), seeking recovery of unpaid back wages.  See Complaint (Dkt. No. 1).  Thereafter, the parties engaged in settlement negotiations, which resulted in a resolution of the issues and claims raised in this case.  See Motion (Dkt. No. 16).  Upon review of the record, including the Report, Motion, and Settlement Agreement, the undersigned concludes that the settlement represents a "reasonable and fair" resolution of Plaintiff's FLSA claims.[1]  Accordingly, the Court will accept and adopt Judge Richardson's Report.

In light of the foregoing, it is hereby **ORDERED:**

1.      Magistrate Judge Monte C. Richardson's Report and Recommendation (Dkt. No. 17) is **ADOPTED** as the opinion of the Court.[2]

2.      The Joint Motion for Approval of Settlement Agreement (Dkt. No. 17) is **GRANTED**.

---

[1]      The Court observes that the Report reflects that Plaintiff sought "$22,299.84 in overtime wages plus $44,599.68 in liquidated damages."  Report at 5, n.2.  However, Plaintiff actually sought $22,299.84 in overtime wages and an equivalent amount in liquidated damages for a total claim of $44,599.68.  See Motion at 6.

[2]      In doing so, the Court corrects Footnote 2 on Page 5 of the Report to reflect Plaintiff's claim of  $22,299.84 in liquidated damages and a total claim of $44,599.68 as set forth above.

3.      For purposes of satisfying the FLSA, the Settlement Agreement is **APPROVED**.

4.      This case is **DISMISSED WITH PREJUDICE**.

5.      The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of December, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record